IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER T. LACEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 5:12-cv-00892-M |
| | ) |
| HOMEOWNERS OF AMERICA | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT HOMEOWNERS OF AMERICA INSURANCE COMPANY'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant, Homeowners of America Insurance Company ("HOAIC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. In support of this motion, Defendant submits the following brief.

### BRIEF IN SUPPORT

Rule 8 of the Federal Rule of Civil Procedure sets forth the general rules of pleading, and provides in pertinent part as follows:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction...;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. Pro. 8(a). Rule 8 demands that a complaint contain "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation" or mere labels, conclusions or "naked

assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-63 (2007).

In deciding a motion to dismiss under Rule 12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KPB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The court is to look for "plausibility" in the complaint. *Id*. "The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable liklihood of mustering factual support for these claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief," and such factual matter must be enough to raise the right to relief above the speculative level. *Id*.

Here, Plaintiff's Complaint fails to include any of the three requirements listed under Rule 8(a). There is no statement of jurisdiction. There is no statement of the claim that shows Plaintiff is entitled to relief, and there is no demand for the relief sought. Thus, the Complaint is deficient on its face under Rule 8.

Even setting aside the absence of a jurisdictional statement and demand for relief sought, and taking all the factual allegations as true, Plaintiff's Complaint fails to state a cognizable claim against Defendant. While it is difficult to discern exactly what is being

alleged, the Complaint appears to be based solely on an increase in Plaintiff's homeowner's insurance premium. Plaintiff claims that this increase in premium rate violated the Oklahoma Insurance Code.

The provisions of the Insurance Code cited by Plaintiff do not support this contention. For example, Plaintiff asserts that he should have been allowed to disapprove of any rate increase pursuant to 36 O.S. § 4808. (Complaint, pp. 1-2). Section 4808 deals with automatic increases in *coverage* for the replacement of a home. It has nothing to do with an insured's ability to approve or disapprove of premium increases at renewal. Plaintiff does not assert that his coverage for replacement of his home was automatically increased, only that his premium rate went up. Indeed, the Complaint states that "the agent allowed my premium to go up $509.00 to $1314.00 with no change in my situation, no risks to add, and no loss's (sic) to add for claims filed." (Complaint, p. 1).

The Complaint also cites Section 902 of the Oklahoma Insurance Code (see, Complaint, p. 1), which states that "[t]he Insurance Commissioner shall not approve rates for insurance which are excessive, inadequate, or unfairly discriminatory." 36 O.S. § 902(A). The Complaint goes on to mention 36 O.S. 985(A)(1)(see, Complaint, p. 2), which provides in pertinent part that "[n]o rate in a competitive market may be determined to be excessive." The preceding section (36 O.S. § 984) states that "[a] competitive market is presumed to exist for a line of insurance unless the Commissioner, after a hearing, issues an order stating that a reasonable degree of competition does not exist in the market." 36 O.S. § 984(A). Plaintiff

alleges no facts to indicate that any such order was entered by the Insurance Commissioner in regard to the relevant market here. Therefore, the market in question is presumed to be "competitive" for purposes of Section 985, and no rate may be determined to be excessive in such a market.

Plaintiff also mentions 36 O.S. § 908, which sets forth the penalties that the Insurance Commissioner may impose upon a finding that any person or organization has violated provisions of any statute over which the Commissioner has jurisdiction. It is unclear how this statute is relevant to any claim Plaintiff attempts to make in this case.

Next, Plaintiff claims that Defendant "did not write me (a policy) according to 4803 of Title 36..." (Complaint, p. 2). Section 4803 is entitled "Standard Policy Provisions - Permissible Variations" and sets forth the acceptable form for property insurance policies. Plaintiff fails to allege any facts that suggest his policy with HOAIC did not comport with Section 4803.

Also, Plaintiff asserts that Defendant violated 15 O.S. §§ 57, 58, and 59. (Complaint, p. 3). These provisions deal with actual and constructive fraud. Again, it is not clear from the language of the Complaint exactly how Plaintiff claims to have been defrauded. Assuming Plaintiff is attempting to state a claim for fraud, it clearly fails under Fed. R. Civ. Pro. 9(b), which requires a party to plead allegations of fraud with particularity.

Next, Plaintiff mentions 36 O.S. § 954, and claims that this statute "covers overpayments and refunds on increases un-approved by the insured." This is wholly

inaccurate. Section 954 is entitled "Determination that Credit Information Incorrect," and it deals with situations in which an insured was overcharged based upon incorrect or incomplete credit rating information is used in the underwriting process. 36 O.S. § 954. No such factual allegations are set forth in the Complaint.

Finally, throughout the Complaint, Plaintiff alludes to filings he made with the Oklahoma Insurance Commissioner and the Oklahoma Supreme Court. The Complaint implies that Defendant's alleged agent did not respond to such filings and/or appeals properly. These facts, taken as true, do not establish a cause of action against Defendant.

In sum, the Complaint is fatally deficient under Rule 8, and Plaintiff has failed to frame it with sufficient factual matter to give rise to a plausible right to relief. Therefore, Plaintiff's Complaint should be dismissed.

## CONCLUSION

WHEREFORE, based on the above arguments and authorities, Defendant Homeowners of America Insurance Company respectfully requests that enter an order dismissing Plaintiff's Complaint, and that Defendant be awarded all other relief to which it is entitled.

      *s/Andrew M. Bowman*
      Michael T. Maloan, OBA No. 15097
      michaelmaloan@oklahomacounsel.com
      Andrew M. Bowman, OBA No. 22071
      andrewbowman@oklahomacounsel.com
      FOLIART, HUFF, OTTAWAY & BOTTOM
      201 Robert S. Kerr Avenue, 12th Floor
      Oklahoma City, OK 73102
      Telephone: 405-232-4633
      Facsimile: 405-232-3462

      ATTORNEYS FOR DEFENDANT,
      HOMEOWNERS OF AMERICA
      INSURANCE COMPANY

## **CERTIFICATE OF MAILING**

I hereby certify that on this 12th day of October, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. I also certify that the above instrument was served via certified mail on the following:

Walter T. Lacey, Jr.
P.O. Box 944
Oklahoma City, OK 73101
Telephone: 405-420-4651
    Plaintiff, *Pro Se*

      *s/Andrew M. Bowman*