# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER T. LACEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-892-M |
| ) | |
| HOMEOWNERS OF AMERICA ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss, filed October 12, 2012. On November 2, 2012, plaintiff filed his response. On November 9, 2012, defendant filed its reply, and on November 20, 2012, plaintiff filed his response to defendant's reply.

On August 16, 2012, plaintiff filed the instant action. Defendant now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's Complaint on the grounds that plaintiff has failed to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 8(a) provides:

> A pleading that states a claim for relief must contain:
> (1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Additionally, regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the

> plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Having carefully reviewed the Complaint, the Court finds that plaintiff has not set forth a short and plain statement of the grounds for the Court's jurisdiction and has not set forth a demand for the relief sought. The Court further finds that plaintiff has not set forth a short and plain statement of the claim showing that he is entitled to relief. The Court finds, for the reasons set forth in defendant's motion to dismiss, that plaintiff has not set forth sufficient factual allegations in his Complaint to state any claim for relief. Accordingly, the Court finds that plaintiff's Complaint should be dismissed.

The Court, therefore, GRANTS defendant's Motion to Dismiss [docket no. 11] and DISMISSES this action.

**IT IS SO ORDERED this 6th day of March, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE