**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

WALTER T. LACEY, JR.,

    Plaintiff-Appellant,

v.

HOMEOWNERS OF AMERICA
INSURANCE COMPANY,

    Defendant-Appellee.

No. 13-6129
(D.C. No. 5:12-CV-00892-M)
(W.D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

Plaintiff-appellant Walter T. Lacey, Jr., appearing pro se and in forma pauperis, appeals from the district court's April 25, 2013, order denying his motion styled "Motion for New Trial and Objection to Order Refusing to Recuse," which he filed challenging the district court's order dismissing his complaint under

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Fed. R. Civ. P. 8(a) and 12(b)(6) for failure to properly plead and state a claim upon which relief may be granted. He has also filed several motions in this court. We conclude that the district court lacked subject matter jurisdiction and should have dismissed the complaint without prejudice on that basis. Accordingly, we vacate the district court's orders and remand for entry of an order dismissing the complaint without prejudice for lack of jurisdiction.

## I. Background

On August 16, 2012, appellant filed this suit against his homeowner's insurance company, alleging that defendant-appellee violated the Oklahoma Insurance Code when it increased his insurance premium by $509 for the October 31, 2010, through October 31, 2011, renewal period, even though no coverages were increased and no risks had changed. R. Vol. 1, at 5-6. He alleged that he paid appellee $709 for the period from October 31, 2009, through October 31, 2010, and that appellee could have renewed his coverage for $990 or $998, rather than the new total of $1314 he was forced to pay. *Id.* at 5-6, 9.[1]

On October 12, 2012, appellee moved to dismiss the complaint under Rule 12(b)(6), arguing that the complaint failed to satisfy the requirements of Rule 8(a) to include a statement of the court's jurisdiction, a short and plain

---

[1] An attachment to the complaint shows that the 2009-2010 premium was $791, not $709, but adding $509 to either amount does not equal the asserted total of $1314. *See* R. Vol. 1, at 5, 12. The apparent mathematical error in the dollar amounts alleged in the complaint is insignificant, however, and since it has no effect on our legal analysis, below, we need not resolve it.

statement of the claim showing that appellant was entitled to relief, and a demand for the relief sought. After briefing was completed, the district court entered an order on March 6, 2013, granting appellee's motion to dismiss. The court reasoned that the complaint failed to satisfy the requirements of Rule 8(a)(1)-(3) to set forth a statement of the court's jurisdiction, a short and plain statement of the claim showing that appellant was entitled to relief, and a demand for the relief sought. R. Vol. 1, at 79-80. The court further concluded that appellant "has not set forth sufficient factual allegations in his Complaint to state any claim for relief." *Id.* at 80. However, the court did not enter a judgment on a separate document pursuant to Fed. R. Civ. P. 58(a).

Appellant subsequently filed several motions in the district court for relief from the court's March 6 decision, and the court denied them all expressly or by implication in orders filed on March 26, April 4, and April 25, 2013. Appellant filed his notice of appeal on May 21, 2013. He also filed a motion for leave to proceed in forma pauperis on appeal, which the district court granted.

II. Discussion

Because the district court did not enter a judgment on a separate document pursuant to Rule 58 after dismissing the complaint in its order dated March 6, 2013, the judgment was deemed entered 150 days later, on August 5, 2013. *See Medical Supply Chain, Inc. v. Neoforma, Inc.*, 508 F.3d 572, 573 (10th Cir. 2007) (discussing the timing considerations now appearing in Rule 58(c)(2)(B)).

Appellant's time to appeal expired thirty days later, on September 3, 2013. *See* Fed. R. App. P. 4(a)(A). Because appellant filed his notice of appeal before that date, on May 21, 2013, his notice of appeal is effective, and we have jurisdiction over his appeal. *See Constien v. United States*, 628 F.3d 1207, 1211-12 (10th Cir. 2010) (discussing Rule 58).

Because appellant appears pro se, we construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). We "have tried to discern the kernel of the issues []he wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). He argues that the complaint stated a claim in diversity for a violation of the regulation of insurance premiums under state law, for breach of contract by fraudulent inducement, for actionable fraud, or for breach of fiduciary duties by appellee's agent. Aplt. Opening Br. at 3.

"On every appeal, 'the first and most fundamental question is that of jurisdiction,' both of this court and of the district court from which appeal is taken." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1163 (10th Cir. 2004) (quoting *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)). The court should "examine the face of the complaint to determine whether a party has adequately presented facts sufficient to establish diversity jurisdiction." *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993). "However, where the pleadings are inadequate, we may review the record to find evidence that diversity exists." *Id.*

Under 28 U.S.C. § 1332(a), a plaintiff asserting diversity jurisdiction must allege that the parties are citizens of different states and must seek more than $75,000 in damages. *See Conrad v. Phone Directories Co., Inc.*, 585 F.3d 1376, 1379 (10th Cir. 2009). "If the district court lacked jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Estate of Harshman*, 379 F.3d at 1163 (internal quotation marks omitted).

Appellant's complaint does not allege appellee's citizenship and does not include a demand for the relief sought. An affidavit filed by appellee shows that it "is a Texas corporation with its principal place of business in Irving, Texas." R. Vol. 1, at 34. Thus, it appears the parties are diverse. But based on the allegations in the record, the most compensatory damages appellant could have sought was $523, the difference between his 2009 premium of $791 and the alleged 2010 premium of $1314. *See* R. Vol. 1, at 5, 12, 16. And his allegation that appellee could have provided coverage for $990 or $998 instead of $1314 suggests that the possible compensatory damages would be even less than $523. *See id.* at 6. The rest of the more than $75,000 in damages he must seek would have to come from punitive damages.

Under Oklahoma law, punitive damages may be sought in a "proper case" alleging a breach of an insurance contract. *See Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 999 (10th Cir. 2008) (internal quotation marks omitted). But "[t]o

obtain punitive damages, a plaintiff is required to show not only all the elements of actionable fraud, but evil intent or such aggravating circumstances as to be deemed equivalent to such intent." *Id.* at 1000 (internal quotation marks omitted). Appellant's complaint does not begin to show that appellee acted with "evil intent" or the equivalent, to support a claim for punitive damages under Oklahoma law. *See id.* And in any event, under Supreme Court and Tenth Circuit law, the amount of punitive damages appellant would have to show to reach the threshold for federal diversity jurisdiction would be grossly excessive when compared to the possible compensatory damages and would violate the Due Process Clause of the Fourteenth Amendment. *See Haberman v. The Hartford Ins. Grp.*, 443 F.3d 1257, 1271-72 (10th Cir. 2006) (upholding punitive damages award in 20:1 ratio to compensatory damages, under Supreme Court's non-rigid guideposts established in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 425 (2003), and noting Court's holding that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process"). As a result, it is "legally certain," even under our "very strict" standard for dismissing a complaint based on the amount in controversy, that the facts appellant alleged could not support a demand for more than $75,000 in damages, which is required to meet the statutory threshold for diversity jurisdiction. *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). We conclude that the district court lacked jurisdiction over the complaint.

The district court's order dismissing the complaint under Rule 12(b)(6) did not state that the dismissal was with prejudice. *See* R. at 81. However, a dismissal under Rule 12(b)(6) must be presumed to be with prejudice. *See* Rule 41(b) ("any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits"). But "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). As a result, the district court's orders addressing the merits of appellant's complaint must be vacated. *See id.*

Appellant's motion for leave to proceed on appeal in forma pauperis is granted. Appellant's August 7, 2013, "Motion for Judgement," August 7, 2013, motion for attorney's fees, and August 16, 2013, "Objection to Withdrawal of Payment" and request for just decision are denied. The district court's orders are vacated and the case is remanded for entry of an order dismissing the complaint without prejudice for lack of jurisdiction.

                                              Entered for the Court

                                              Stephen H. Anderson
                                              Circuit Judge

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | October 23, 2013 | Douglas E. Cressler<br>Chief Deputy Clerk |

Mr. Andrew McAfee Bowman
Mr. Michael Thomas Maloan
Foliart, Huff, Ottaway & Bottom
201 Robert S. Kerr Avenue
12th Floor
Oklahoma City, OK 73102

Mr. Walter T. Lacey Jr.
P.O. Box 944
Oklahoma City, OK 73101

**RE:**    13-6129, Lacey v. Homeowners of America
          Dist/Ag docket: 5:12-CV-00892-M

Dear Counsel and Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

EAS/klp